# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## KEY WEST DIVISION

| | |
|---|---|
| **EVA BARTCZAK-CARBONE**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | Case No. 4:22-cv-10031 |
| | Judge: |
| **KEVIN MADOK**, as Monroe County Clerk of Court, | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **EVA BARTCZAK-CARBONE** ("**CARBONE**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADAAA), Florida Civil Rights Act (FCRA) and Florida's Public Whistleblower Act (PWA) for (1) retaliation in violation of Title VII, (2) retaliation in violation of the ADA, (3) retaliation in violation of the FCRA, and (4) retaliation in violation of the PWA.

## PARTIES

2. The Plaintiff, **EVA BARTCZAK-CARBONE** ("**CARBONE**" or "Plaintiff") is an individual and was a resident of Monroe County, Florida at all times relevant to this action, and was employed by the Defendant, **KEVIN MADOK** ("**CLERK**" or "Defendant") in Monroe County, Florida.

3. Defendant, **KEVIN MADOK**, is the current Monroe County Clerk of Court and Comptroller ("**CLERK**" or "Defendant"), and employed **CARBONE** in Monroe County, Florida. **CLERK** is an employer under Title VII, ADA, FCRA, and PWA.

4. At all material times, **CLERK** employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **CARBONE**'s state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Southern District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Monroe County, Florida, which is within the Southern District of Florida. Venue is proper in the Key West Division since Monroe County is within the Key West Division.

8. **CARBONE** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on January 27, 2022 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A). **CARBONE** complied with any applicable pre-suit requirements under F.S. §112.3187(8).

## GENERAL ALLEGATIONS

9. **CARBONE** began her employment on January 6, 2020, and was employed as the Chief Deputy Clerk. Her normal job duties did not include human resource functions, or investigating/reporting harassment, discrimination or retaliation.

10. **CARBONE** always performed her assigned duties in a professional manner and was very well qualified for her position.

11. One of **CARBONE**'s subordinate employees was Ashli Tillett, an African-American female employed as a deputy clerk. She was a qualified person with a disability, and was the primary caregiver to a child who was under 3-years old, and as such was a member of protected classes.

12. Beginning in June 2020, Ms. Tillett began to be subjected to discrimination because of her race, disability and familial status.

13. More specifically, on or about June 8, 2020, Ms. Tillett required EFMLA leave to care for her child, which the **CLERK** arbitrarily denied despite federal law authorizing the same.

14. At that time, the **CLERK** angrily demanded Ms. Tillett return all work-related property such as her computer and erroneously informed Ms. Tillett that she was ineligible for EFMLA leave.

15. Nevertheless, Ms. Tillett was ultimately granted the EFMLA leave, though the Defendant began retaliating against her upon her return from leave on August 10, 2020.

16. Upon Ms. Tillett's return, she learned that her work location had been moved, as had her usual job duties.

17. Instead, Ms. Tillett was given entirely new job duties to perform while someone outside her protected classes took over her former job duties.

18. On September 29, 2020, Ms. Tillett became seriously ill due to her disability and required unscheduled, brief leave in order to seek medical care at a local urgent care center.

19. However, the **CLERK** initially refused to allow such brief leave to seek medical care and then demanded Ms. Tillett request her doctor to change the reasonable accommodations in the doctor's note provided, which Ms. Tillett objected to.

20. On or about October 6, 2020, Ms. Tillett objected to a high-level supervisor, the Court Manager, about the disparate treatment she was receiving, to which the supervisor admitted that there was resentment that Ms. Tillett had taken EFMLA leave due to childcare issues associated with the Covid-19 pandemic. On October 23, 2020, Ms. Tillett reported the same to **CARBONE**. Immediately after speaking with Ms. Tillett, **CARBONE** advised the **CLERK** about Ms. Tillett's verbal complaint and personally complained to the **CLERK** that she herself observed that Ms. Tillett indeed suffered the specific discrimination she alleged by the supervisor. **CARBONE**'s complaint was outside the course of her normal job duties.

21. In the past, Ms. Tillett always received good to very good performance reviews from the **CLERK**, that is until she submitted a signed, written complaint to **CARBONE** on October 27, 2020 that alleged the **CLERK** had discriminated against her due to her race (only employee denied EFMLA leave despite 3 others outside her protected class being allowed the leave without interference or retaliation), familial status (being denied EFMLA leave and being retaliated against for ultimately exercising that right) and disability (being denied brief leave in order to undergo testing for suspected breast cancer). **CARBONE** promptly forwarded Ms. Tillett's complaint to the **CLERK**.

22. Ms. Tillett's complaint reported illegal activity on the part of the **CLERK**, which violated, *inter alia*, Title VII, the ADA and the Florida Civil Rights

5

Act, in addition to having alleged a violation of her rights under the federal EFMLA.

23. After learning of Ms. Tillett's complaint, **CARBONE** immediately advised the **CLERK** of the complaint and again personally complained to the **CLERK** that she herself observed that Ms. Tillett indeed suffered the specific discrimination she alleged by her direct supervisor. Here too, **CARBONE**'s complaint was outside the course of her normal job duties.

24. In response, the **CLERK** directed **CARBONE** to create a false record that would support Ms. Tillett's termination for cause. However, **CARBONE** refused to do so as it would be illegal.

25. On or about October 30, 2020, **CARBONE** was asked to participate in the **CLERK**'s sham internal investigation of Ms. Tillett's complaint, at which time **CARBONE** again disclosed during an interview the additional harassment against Ms. Tillett that she herself witnessed.

26. Thereafter, Ms. Tillett's direct supervisor loudly discussed her disdain for Ms. Tillett having filed a complaint of racial, disability and familial status discrimination.

27. **CARBONE** complained to the **CLERK** of the continued harassment of Ms. Tillett and the **CLERK** not only did nothing to stop it or rectify the discriminatory actions, but engaged other employees in creating an even more

hostile work environment for Ms. Tillett. **CARBONE**'s complaint was outside the course of her normal job duties.

28. Rather than substantively address Ms. Tillett's complaint in a legal fashion, the **CLERK** ignored **CARBONE**'s complaints and instead retaliated against Ms. Tillett by immediately placing her on administrative leave on November 2, 2020 and then placing her on a performance improvement plan on November 6, 2020, which was to expire on December 7, 2020.

29. The **CLERK** ultimately terminated Ms. Tillett on November 16, 2020.

30. Thereafter, **CARBONE** also made a signed, written complaint on January 4, 2021 regarding the **CLERK** failing to comply with Title II of the ADA and failing to comply with Florida law by not collecting certain fees (F.S. §28.241 and F.S. §34.041) and failing to redact confidential case information from the public record (Fla. R. Jud. Admin. 2.425).

31. **CARBONE** made another signed, written complaint on January 22, 2021 regarding the **CLERK**'s suspected violations of F.S. §40.022.

32. Ms. Tillett filed a lawsuit on January 25, 2021 in state court (ironically filed with the **CLERK**), and the **CLERK** became irate, and then demoted **CARBONE** and slashed her salary on January 29, 2021.

33. On or about February 1, 2021, **CARBONE** submitted her written and signed complaint to the **CLERK** objecting to the adverse retaliatory action that the **CLERK** took against her.

34. The **CLERK** terminated **CARBONE**'s employment on February 3, 2021.

35. **CARBONE** did not make her disclosures in bad faith or for a wrongful purpose.

36. At the time of she made her statutorily protected activity, **CARBONE** was not the subject of any termination process, and thus her disclosures did not occur after the **CLERK**'s adverse personnel action against her.

37. **CARBONE**'s termination was not part of a *bona fide* reduction in force.

38. There was no budgetary need to terminate **CARBONE**.

39. **CARBONE** always received positive performance reviews from the Defendant until she engaged in statutorily protected activity.

40. As a direct and proximate result of reporting of the **CLERK**'s violations of law to the appropriate local official – the Clerk of Court – and her objection to the **CLERK**'s illegal practices and participation in an investigation, **CARBONE** was terminated by the Defendant.

41. As such, **CARBONE** was wrongfully terminated in violation of federal and Florida law.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - RETALIATION

42.     Plaintiff incorporates by reference Paragraphs 1-41 of this Complaint as though fully set forth below.

43.     Ms. Tillett is an African American female and, as such, is a member of a protected class.

44.     At all material times, **CARBONE** was an employee and the **CLERK** was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

45.     **CARBONE** was qualified for the positions that she held with the **CLERK**.

46.     **CARBONE** complained to the Defendant about the racial discrimination and retaliation suffered by Ms. Tillett, and the **CLERK** clearly observed her growing discomfort concerning the same.

47.     **CARBONE**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of the **CLERK**.

48.     Said protected activity was the proximate cause of the **CLERK**'s negative employment actions against **CARBONE**.

49.     Instead of preventing said treatment, the **CLERK** retaliated against **CARBONE**.

50.     The acts, failures to act, practices and policies of the **CLERK** set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

51. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **CARBONE** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

52. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CARBONE** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

53. As a direct and proximate result of the Defendant's actions, **CARBONE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

54. **CARBONE** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

    ii.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    v.    Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

    vi.    Reasonable attorney's fees plus costs;

    vii.    Compensatory damages, and;

    viii.    Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE ADAAA- RETALIATION

55. Plaintiff incorporates by reference Paragraphs 1-41 of this Complaint as though fully set forth below.

56. Following Ms. Tillett's request for reasonable accommodation and objection to disability discrimination, **CARBONE** reported and objected to the same, but the **CLERK** retaliated by altering the terms and conditions of her employment by terminating **CARBONE**.

57. **CARBONE**'s objection to disability discrimination and retaliation constitutes a protected activity because such objections were in furtherance of rights secured to her by law.

58. Said protected activity was the proximate cause of the **CLERK**'s negative employment actions against **CARBONE** including changed working conditions, discipline, and ultimately termination.

59. Instead of ceasing its disparate treatment based upon Ms. Tillett's disability and lauding **CARBONE**'s reporting of the same, the **CLERK** retaliated against **CARBONE** via changed working conditions, discipline, and termination.

60. The acts, failures to act, practices and policies of the **CLERK** set forth above constitute retaliation in violation of the ADAAA.

61. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **CARBONE** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

62. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CARBONE** is entitled to all relief necessary to make her whole as provided for under the ADAAA.

63. As a direct and proximate result of the **CLERK**'s actions, **CARBONE** has suffered damages, including but not limited to, a loss of employment

opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

64. **CARBONE** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

    ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

    v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

    vi. Reasonable attorney's fees plus costs;

  vii. Compensatory damages, and;

  viii. Such other relief as this Court shall deem appropriate.

### COUNT III – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

  65. Plaintiff incorporates by reference Paragraphs 1-41 of this Complaint as though fully set forth below.

  66. Ms. Tillett is an African-American person with a disability and, as such, is a member of protected classes.

  67. At all material times, **CARBONE** was an employee and the **CLERK** was her employer covered by and within the meaning of the FCRA.

  68. **CARBONE** was qualified for the positions that she held with the **CLERK**.

  69. **CARBONE** complained to the **CLERK** about the racial, disability and familial status discrimination and retaliation suffered by Ms. Tillett, and the **CLERK** clearly observed her growing discomfort concerning the same.

  70. **CARBONE**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of the **CLERK**.

  71. Said protected activity was the proximate cause of the **CLERK**'s negative employment actions against **CARBONE**.

  72. Instead of preventing said treatment, the **CLERK** retaliated against **CARBONE**.

73. The acts, failures to act, practices and policies of the **CLERK** set forth above constitute retaliation in violation of the FCRA.

74. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **CARBONE** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

75. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CARBONE** is entitled to all relief necessary to make her whole as provided for under the FCRA.

76. As a direct and proximate result of the **CLERK**'s actions, **CARBONE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

77. **CARBONE** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i.    Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

    ii.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    v.    Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

    vi.    Reasonable attorney's fees plus costs;

    vii.    Compensatory damages, and;

    viii.    Such other relief as this Court shall deem appropriate.

## **COUNT IV – VIOLATION OF FLORIDA'S PUBLIC WHISTLEBLOWER ACT (PWA)**

78.    Plaintiff incorporates by reference Paragraphs 1-41 of this Complaint as though fully set forth below.

79. This Count is timely brought under F.S. §112.3187(8)(b) and (c) as **CARBONE** has exhausted all available administrative remedies.

80. At all material times, **CARBONE** was an employee, and the **CLERK** was her employer covered by and within the meaning of the PWA.

81. **CARBONE** was qualified for the position that she held with the **CLERK**.

82. **CARBONE** did engage in statutorily protected activity.

83. **CARBONE** did make several disclosures of the **CLERK**'s violations of federal, state, and/or local laws, rules, and/or regulations committed which created and presented a substantial and specific danger to the public's health, safety, or welfare.

84. **CARBONE** did make several disclosures of the Defendant's gross mismanagement, malfeasance, misfeasance, nonfeasance, and/or neglect of duty.

85. **CARBONE** did suffer adverse employment action, which is causally linked to her engagement in statutorily protected activity.

86. **CARBONE** made her written disclosures on her own initiative to the appropriate local officials and participated in an investigation.

87. **CARBONE**'s complaints and disclosures constitute a protected activity because her complaints and disclosures were concerning an unlawful activity of the **CLERK**.

88. Said protected activity was the proximate cause of the **CLERK**'s negative employment actions against **CARBONE**, which included **CARBONE**'s termination.

89. Instead of investigating **CARBONE**'s complaints regarding violations of law, rules and/or regulations or gross mismanagement, malfeasance and misfeasance of the **CLERK**, the **CLERK** retaliated against **CARBONE** by terminating her employment.

90. The acts, failures to act, practices and policies of the **CLERK** set forth above constitute retaliation in violation of the PWA.

91. As a direct and proximate result of the violations of the PWA, as referenced and cited herein, **CARBONE** has lost all of the benefits and privileges of her employment and have been substantially and significantly injured in her career path.

92. As a direct and proximate result of the violations of the PWA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **CARBONE** is entitled to all relief necessary to make her whole as provided for under the PWA.

93. As a direct and proximate result of the **CLERK**'s actions, **CARBONE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits,

humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **EVA BARTCZAK-CARBONE**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: April 25, 2022     **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com